IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIE H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 364 |
| v. ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER[2]

On April 27, 2021, the Court granted Plaintiff Marie H.'s motion to reverse and remand the ALJ's decision in this case to the Commissioner (D.E. 22) and denied the Commissioner's motion to affirm ("the Remand Order"; D.E. 30).[3] *Marie H. v. Saul*, No. 19 C 364, 2021 WL 1648115, at *6 (N.D. Ill. Apr. 27, 2021). The Commissioner timely filed a motion to alter or amend this Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). ("Motion"; D.E. 43.)

---

[1] The Court substitutes Kilolo Kijakazi for her predecessor, Andrew Saul, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[2] On February 19, 2019, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to a United States Magistrate Judge for all proceedings, including entry of final judgment. (D.E. 14.) On May 31, 2019, this case was reassigned to this Court for all proceedings. (D.E. 21.)

[3] As the Court explained in its earlier opinion in this case, we are referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court, despite the Court's concerns that IOP 22 absolves both parties of the requirement to "demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). *See Marie H.*, 2021 WL 1648115, at *1 n.3.

That motion is now fully briefed. For the reasons that follow, the Court denies the Commissioner's motion.

## BACKGROUND

I.     **The Remand Order**

The Court held that the ALJ in this case committed legal error by cherry-picking facts in the record that supported her determination that Plaintiff was not disabled and ignoring evidence that pointed to a disability finding. *Marie H.*, 2021 WL 1648115, at *6. The Court offered multiple examples of this error, including that: (1) the ALJ "erroneously emphasized" Plaintiff's sporadic reports of improvement in her severe neck and back pain, and "improperly minimized" or disregarded the extensive and continuous treatment by different doctors and specialists that Plaintiff underwent to try to control her pain; the treatment "include[ed] narcotics, nerve pain medication, muscle relaxants, steroid injections, migraine medication and sleep aids"; (2) the ALJ "minimized the importance of abnormal findings in Plaintiff's treatment notes, such as consistent lower and upper back tenderness and pain with ROM [range of motion], as well as MRI results showing moderate to severe lumbar abnormalities," while "emphasiz[ing] Plaintiff's consistently normal gait, full strength, and usually full ROM"; and (3) "the ALJ did not adequately explain whether she considered Plaintiff's limitations in carrying out [her] activities of daily living in fashioning Plaintiff's RFC." *Id*.

The Court began its analysis by confirming that its review of the ALJ's decision was deferential, not based on a reweighing of the evidence, and not a result of any substitution of the Court's judgment for that of the ALJ. *Id.* at *5 (citing *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017)). The Court then specifically stated that the ALJ's determination would be upheld if it was supported by "'substantial evidence – evidence a reasonable mind might accept as

adequate to support a conclusion.'" *Id.* (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021)). The Court acknowledged that the ALJ "'need not address every piece of evidence,' but must build 'an accurate and logical bridge' between the evidence and [the ALJ's] conclusion." *Id.* (quoting *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017)).

The Commissioner, in the Rule 59(e) motion, essentially argues that the Court did none of those things. Motion at 1 ("the Court did not review the ALJ's decision under the substantial evidence standard and instead substituted its own judgment for that of the ALJ"). The Commissioner goes further in the Motion, suggesting that the Court need not have held the ALJ to this Circuit's longstanding "logical bridge" requirement, citing a recent unpublished Seventh Circuit order calling that requirement "descriptive" and saying that the requirement "does not alter the applicable substantial evidence standard." *Id.* at 5 (citing *Brumbaugh v. Saul*, 850 F. App'x 973, 977 (7th Cir. 2021)). In other words, the Commissioner is arguing not only that the Court did not actually apply the substantial evidence standard in reviewing the ALJ's determination in this case, but also that the law of how courts are to apply and interpret that standard has changed or is changing, so that courts ought not to follow cases like *Lothridge, Lanigan* and numerous others going forward – at least not in the same way that they have in the past.

As set forth further in the analysis below, the Court did not reweigh the record before the ALJ. It determined that the ALJ's decision was not supported by substantial evidence because the decision failed to weigh the portions of the record cutting in favor of disability.

**II.    Legal Standard**

"Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (internal citations and quotations omitted). It "can be granted only where the movant clearly establishes: (1) that the court committed

3

a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal citations and quotations omitted). The Commissioner sees the basis for reconsideration as a manifest error of law. Defendant's Reply ("Reply"; D.E. 46) at 1 ("the Court ignore[d] or misapplied controlling precedent"). The Court will consider the Motion.

## ANALYSIS

Defendant argues that this Court's April 2021 opinion cannot stand because the Court failed to "review the ALJ's decision under the substantial evidence standard and instead substituted its own judgment for that of the ALJ." Motion at 1. A plain reading of the Court's earlier opinion shows that the Court did no such thing. This Court conscientiously and comprehensively applied the deferential substantial evidence standard – which it has applied in every Social Security appeal before it – before coming to the reasoned and considered conclusion that the ALJ's decision in this case was not supported by substantial evidence.

### I. In this Circuit, the Substantial Evidence Standard Includes a Requirement that the ALJ Build a Logical Bridge Between the Record and the ALJ's Conclusion.

Under the longstanding substantial evidence standard, the ALJ's decision must be upheld "if it is supported by substantial evidence—evidence a reasonable mind might accept as adequate to support a conclusion." *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021). The substantial evidence determination is made on a "case-by-case" basis. *Biestek v. Berryhill*, – U.S. –, 139 S. Ct. 1148, 1154 (2019).

In a line of cases including some that post-date the Supreme Court's decision in *Biestek*, our court of appeals has held that to meet the substantial evidence standard's evidentiary minimum, the ALJ's decision "must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021). In other words, the ALJ's "analysis must say

4

enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge*, 984 F.3d at 1233. "[W]e cannot uphold an administrative determination that failed to explain the outcome adequately." *Id*. In determining whether the ALJ's decision contained sufficient evidentiary support, the reviewing court must take care not to "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

In this case, the Commissioner argues that the Court necessarily reweighed and resolved conflicts in the evidence because some of the negative and abnormal findings in Plaintiff's treatment records "*were* considered by the ALJ." Motion at 4 (emphasis in original). Thus, the Commissioner contends, the Court must have "merely disagreed with the ALJ and remanded because the ALJ minimized findings the Court found more persuasive and fixated on findings the Court found less persuasive." Reply at 4.

But that contention in the Commissioner's motion is little more than a lawyer's gloss. The question in this case is not how this Court "fixated" on anything, but how the ALJ "failed to explain the outcome adequately." *Lothridge*, 984 F.3d at 1233. If an ALJ's consideration of evidence both for and against a finding of non-disability is apparent in the ALJ's decision, a reasonable mind might accept it as adequate to support the ALJ's conclusion of non-disability. However, when an ALJ's opinion is too cursory or contains too many gaps to form a logical bridge between the evidence and the ALJ's conclusions, the ALJ's decision cannot satisfy the substantial evidence standard under the Seventh Circuit's longstanding precedent in cases including *Lothridge*, *Lanigan* and *Butler*.

## II. The Court Properly Applied the Substantial Evidence Standard in this Case.

### A. The ALJ Cherry-Picked Evidence To Support a Non-Disability Finding.

Contrary to Plaintiff's arguments, this Court did not put its thumb on the scale of any evidence in the record. Instead, the Court found that the ALJ "cherry-pick[ed]," "fixated" and "emphasized" facts supporting a finding of non-disability and "ignor[ed]" and "minimized" evidence that pointed to a disability finding. *Marie H.*, 2021 WL 1648115, at *5-6. This cherry-picking of the record left so many gaps between the evidence and the ALJ's conclusion of non-disability that it was apparent to this Court that the ALJ had "failed to grasp" the line of evidence supporting Plaintiff's primary argument for benefits: that her "severe pain never resolved" despite trying numerous different treatments. *Id*. Although the ALJ noted some of the evidence in the record that would support a finding of disability, the ALJ's treatment of that evidence was so minimal and superficial that a reasonable mind could not accept it as adequate to support the ALJ's conclusion that Plaintiff was not disabled. The Court's approach to this problem in the ALJ's decision was not to reweigh the evidence, but to conclude that the decision did not show that the ALJ had weighed it and explained her conclusions adequately.

The link between an ALJ's having "cherry-picked" facts in the record and a reviewing court being unable to conclude that the decision was supported by substantial evidence is not an invention by this Court. It is well-established doctrine in our Circuit. "An ALJ cannot simply cherry-pick facts supporting a finding of non-disability while ignoring evidence that points to a disability finding" because by doing so, the ALJ fails to support his or her conclusion of non-disability with substantial evidence. *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020). An ALJ improperly cherry-picks evidence not only when the ALJ completely disregards evidence supporting a finding of disability, but also when the ALJ "emphasize[s]" and "overstate[s] the

evidence . . . cited to support her residual functional capacity finding" and "overlook[s], or at least did not acknowledge" facts that support a finding of disability. *Lothridge*, 984 F.3d at 1234. *See also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (reversing and remanding an ALJ opinion that "highlight[ed]" and "made much of the fact[s]" supporting a finding of non-disability but "discounted" and "ignor[ed] evidence to the contrary," such as the claimant "experienc[ing] pain at several points during [an] exam").

The errors committed by the ALJs in *Lothridge* and *Martin* are of the same type committed by the ALJ in this case, notwithstanding the Commissioner's erroneous suggestion that by following *Lothridge* and *Martin*, this Court reweighed the evidence itself. The ALJ here overstated the positive findings in Plaintiff's medical records by over-emphasizing her sporadic reports of improvement and notes documenting normal gait, strength and full ROM, while discounting, disregarding, ignoring or minimizing contemporaneous medical evidence (sometimes within the same doctor's report) that Plaintiff continued to have severe pain and tenderness and pain with ROM, despite receiving steroid injections and trying various doses of narcotics, nerve pain medication, muscle relaxants and migraine medication.[4]

The ALJ mentioned some evidence of Plaintiff's continued pain but failed to weigh that evidence, and the Court "cannot uphold an administrative determination that failed to explain the outcome adequately." *Lothridge*, 984 F.3d at 1233-34. The Commissioner's Motion also fails to engage with this fundamental flaw in the ALJ's decision, arguing that notes documenting normal

---

[4] For example, in December 2015, neurologist Henry Echiverri, M.D., of Edward-Elmhurst Health pain management clinic, noted that Plaintiff had full neck ROM but pain on bending and extension. *Marie H.*, 2021 WL 1648115, at *3 (citing R. 607). Similarly, the January 2016 state agency examinations showed stable gait and full strength but also limited cervical spine ROM, lumbar spine tenderness and moderate restriction in Plaintiff's ability to rise and squat. *Marie H.*, 2021 WL 1648115, at *5 (citing R. 29, 617-26.) And, throughout 2016 and 2017, advanced practice nurse Carmen Janich observed that Plaintiff had full ROM, stable gait and full muscle strength, but also low back and cervical spine tenderness and positive straight leg raising and Spurling tests. *Marie H.*, 2021 WL 1648115, at *3-4 (citing R. 653-63).

gait and full range of motion amounted to little more than a "conflict[] in the evidence" resolved by the ALJ, and that an ALJ's resolution of such evidentiary conflicts commonly should be upheld under the substantial evidence standard. Motion at 3-4 (citing *Gedatus*, 994 F.3d at 903). Again, this argument is a lawyer's gloss, because the Court remanded for the ALJ's failure to build the required "logical bridge" that explains how or if the ALJ actually resolved the conflict and thus supported the decision with substantial evidence.

The Commissioner accurately notes that "[a]n ALJ need not discuss every piece of evidence so long as the evidence not discussed does not reveal any substantially different information about the claimant's conditions" and that summaries of the evidence are appropriate. Reply at 3-4 (citing *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021), and *Gedatus*, 994 F.3d at 901). However, the Commissioner omits the important caveat that although "[a]n ALJ doesn't need to address every piece of evidence, [] he or she can't ignore a line of evidence supporting a finding of disability." *Deborah M.*, 994 F.3d at 788. The instant case is unlike *Deborah M.*, where the Seventh Circuit found that the ALJ "more than adequately discussed and rejected [the claimant's] evidence suggesting that she suffered a back impairment that would prevent her from performing light work," *id*. at 789, and unlike *Gedatus*, which the Seventh Circuit explained was "not a case where an ALJ ignored evidence contrary to his conclusion," *Gedatus*, 994 F.3d at 901. In this case, by contrast, the ALJ's treatment of the evidence of Plaintiff's severe pain and her repeated and extensive, yet unsuccessful, attempts to relieve it was so cursory that the ALJ essentially ignored the primary line of evidence supporting Plaintiff's argument for benefits: that her severe pain never resolved. And this evidence absolutely reveals substantially different information from the findings the ALJ over-emphasized in order to conclude that Plaintiff was not disabled.

The Commissioner's Motion misleadingly asserts that the ALJ's decision that Plaintiff could perform a range of light work is supported by substantial evidence because "[e]very doctor who weighed in found plaintiff capable of medium work despite her alleged pain." Motion at 3 (citing R. 69-71, 86-88). But to the contrary, many doctors and advanced practice nurses ("APNs") "weighed in" on Plaintiff's condition and consistently documented that her pain continued unabated despite trying multiple different treatment options, including neurologists Ashley Holdridge, D.O. and Henry Echiverri, M.D., pain management specialist Mohammed Khan, M.D., and APNs Jeannine Fair and Carmen Janich. *See Marie H.*, 2021 WL 1648115, at *2-4 (citing R. 428-35, 442-43, 453-56, 461, 504-08, 510-14, 581-82, 584-86, 607-08, 611-12, 633-34, 637, 641-44, 659-63, 666-67, 673, 690, 696).

The Court assumes that the Commissioner's mention of "[e]very doctor who weighed in" refers to the two non-examining state agency doctors, who were the only doctors to issue opinions on Plaintiff's residual functional capacity ("RFC").[5] But the Commissioner's contention that the ALJ "deferred" to these opinions and "would have had to play doctor and go against every opinion of record" to find Plaintiff disabled (Motion at 2-3) misstates the record because the ALJ did not adopt the state agency opinions. Instead, the ALJ "recognize[d] some level of the claimant's alleged pain" and "that the claimant experience[d] physical limitations due to her impairments," and determined that greater limitations than those set forth in the non-examining state agency opinions were warranted. (R. 29-30.) And far from requiring the ALJ to "play doctor," the Court held that the ALJ needed to explain adequately how the line of evidence she claimed to "recognize" – which came from multiple treating and examining doctors, among other places in the record –

---

[5] The Court notes that APN Janich filled out a chronic pain RFC questionnaire opining that Plaintiff was so severely functionally limited that she could not work. *See Marie H.*, 2021 WL 1648115, at *4. However, as this Court did not rely on APN Janich's questionnaire in making its decision to reverse and remand the ALJ's decision, the Court does not revisit her report here.

9

could be reconciled with her finding of no disability. The ALJ did not do so. Despite the ALJ's statement that she recognized Plaintiff's pain and physical limitations, the ALJ's opinion gives no indication that this evidence actually factored into the ALJ's conclusions. For example, the Court observed that while "[t]he ALJ noted that the January 2016 state agency examinations showed stable gait and full strength as well as limited cervical spine ROM, lumbar spine tenderness and moderate restriction in Plaintiff's ability to rise and squat[,] [t]he ALJ called these clinical findings 'essentially normal.'" *Marie H.*, 2021 WL 1648115, at *5 (citing R. 29). Despite claiming to have recognized that Plaintiff had some level of pain and functional limitations, the ALJ's description of this examination as "normal" suggests that the ALJ was merely paying lip service to the evidence that Plaintiff's severe pain never resolved. In the absence of any bridge between the evidence and the ALJ's conclusion, there was no way for the Court to find that the opinion was based on substantial evidence – evidence a reasonable mind might accept as adequate to support a conclusion.

      **B.**      **The ALJ Failed To Address Adequately Plaintiff's Activities of Daily Living.**

The Commissioner also professes confusion as to what the Court meant by concluding that "the ALJ did not adequately explain whether she considered Plaintiff's limitations in carrying out [her] activities of daily living in fashioning Plaintiff's RFC." Motion at 4 (quoting *Marie H.*, 2021 WL 1648115, at *6). This bewilderment appears to come from the Commissioner's erroneous belief – or deliberate contention – that no matter how superficial or cursory the ALJ's mention of evidence supporting a finding of disability, the ALJ's opinion ought to be upheld as supported by substantial evidence so long as the ALJ does not disregard that evidence completely by making no mention of it at all:

> If the Court is indicating that the ALJ did not consider qualifications to plaintiff's performance of daily activities, this is an error of fact as the ALJ clearly

10

> acknowledged three times that plaintiff completed daily activities 'with help' (Tr. 29). If the Court is faulting the ALJ for not comparing daily activities with the work activities identified in the RFC, this is legal error, as ALJs are instructed by the Circuit not to equate daily activities with work activities. And if the Court is faulting the ALJ for a lack of articulation, the Court is again legally mistaken because an ALJ need only minimally articulate her reasoning.

Motion at 4.

But the mere fact that the ALJ noted Plaintiff had limitations in her activities of daily living – including "cooking (with help), washing dishes (with help), [] taking care of children (with help)" and "walking gently at home about an hour each day" – is not enough to show that the ALJ's decision was supported by substantial evidence. The ALJ did not minimally articulate her reasoning as to how Plaintiff could perform a full-time job doing light work when she struggled to perform such minimal daily activities. The ALJ did not articulate that reasoning at all. Consequently, this Court has no idea whether the ALJ actually did factor in Plaintiff's limitations in carrying out these daily activities or whether the ALJ merely paid lip service to them.

The Commissioner claims that "ALJs must merely consider daily activities somewhere in the decision" for the substantial evidence standard to be met. Reply at 5 (citing *Gedatus*, 994 F.3d at 903). But the Commissioner reads too much into *Gedatus*, a case in which the Seventh Circuit found the ALJ discussed enough evidence – albeit not "every detail" nor all "contradictory evidence" – to support his determination by substantial evidence. 994 F.3d at 903. Unlike in *Gedatus*, the ALJ erred in this case because she "overlooked, or at least did not acknowledge" the limitations on Plaintiff's self-reported activities of daily living – "such as the pain and fatigue those activities caused her." *See Lothridge*, 984 F.3d at 1234. "If [a claimant] can barely perform simple household tasks, it defies reality to conclude that she is able to perform physical labor at any level of exertion." *Martin*, 950 F.3d at 375. The ALJ's failure to weigh Plaintiff's limitations in performing daily activities is another example of the ALJ's failure to support her decision with

11

substantial evidence. An ALJ's summary treatment of record evidence may well be enough, *see Gedatus*, 994 F.3d at 901, but the adequacy of any such summary by the ALJ was not before the Court here. The problem is not that the ALJ summarized the evidence but that she failed to engage with it in the manner required by governing law of this Circuit. *See Lothridge*, 984 F.3d at 1233-34.

The Commissioner's cryptic reference to the unpublished order in *Brumbaugh* at the end of the Motion does not change the analysis. In *Brumbaugh*, in which the Seventh Circuit affirmed a district court's affirmance of an ALJ's finding of no disability, the claimant contended that the ALJ failed to build a "logical bridge" to the conclusion that she could perform light work by not explaining what had changed after an earlier ALJ had concluded that she could perform only sedentary work. 850 F. App'x at 974. In rejecting that argument, the *Brumbaugh* panel said that argument "rests on a faulty premise: the 'logical bridge' requirement in our caselaw is descriptive but does not alter the substantial evidence standard." *Id.* (citing *Biestek*, 139 S. Ct. at 1152). The Commissioner suggests that this comment shows that the "logical bridge" requirement no longer exists or should no longer apply with the same force as it once did. *See* Motion at 5. But the *Brumbaugh* panel did not discuss what impact *Biestek* might have had on the application of the "logical bridge" requirement, and this Court does not know precisely what the *Brumbaugh* panel meant by the word "descriptive" in its reference to the relationship between the "logical bridge" requirement and substantial evidence review. *Brumbaugh*'s citation to a particular page of the Supreme Court's *Biestek* opinion does not answer that question.[6] *Brumbaugh* did not mention, let

---

[6] In *Biestek*, the Supreme Court affirmed the Sixth Circuit's affirmance of an ALJ's finding of no disability where a vocational expert refused the claimant's request to produce the data underlying the expert's opinion about job availability, rejecting the claimant's effort to impose a "categorical rule" that expert testimony in such circumstances can never clear the substantial evidence bar, but without offering further clarity about what "substantial evidence" is:

12

alone explicitly overrule, the line of cases including *Lothridge*, 984 F. 3d at 1233-34, a 2021 case in which the "logical bridge" requirement was applied.[7] To the extent the Commissioner is inviting this Court to hold that mere cursory or superficial references to record evidence, made without any indication of the ALJ's reasoning as to how that evidence could be reconciled with the decision's outcome, are now sufficient under the substantial evidence standard even though the required "logical bridge" is plainly wanting, the Court will decline to so hold.

---

> Sometimes an expert's withholding of such data, when combined with other aspects of the record, will prevent her testimony from qualifying as substantial evidence. That would be so, for example, if the expert has no good reason to keep the data private and her testimony lacks other markers of reliability. But sometimes the reservation of data will have no such effect. Even through the applicant might wish for the data, the expert's testimony will still clear (even handily so) the more-than-a-mere-scintilla threshold. The inquiry, as is usually true in determining the substantiality of evidence, is case-by-case …. Biestek petitioned us only to adopt the categorial rule we have now rejected. He did not ask us to decide whether, in the absence of that rule, substantial evidence supported the ALJ in denying him benefits. Accordingly, we affirm the Court of Appeals' judgment.

139 S. Ct. at 1157. Dissenting Justices Gorsuch and Ginsburg in *Biestek* argued that, contrary to the majority's opinion, Mr. Biestek's submission did not require "an all-or-nothing approach that would cover 'every case,'" and that the majority should have resolved the "the smaller yet still significant 'category' of cases like the one before [them], and in that way begin to offer lower courts meaningful guidance in this important area," specifically, cases "where an expert gives a bottom line, fails to provide evidence underlying that bottom line when challenged, and fails to show the evidence is unavailable." *Id*. at 1162 (internal citations and quotations omitted). The dissent explained that resolution of this narrower question was needed to add clarity and transparency to administrative decision-making in Social Security disability matters. *See id*. at 1162-63 ("The principle that the government must support its allegations with substantial evidence, not conclusions and secret evidence, guards against arbitrary executive decisionmaking. Without it, people like Mr. Biestek are left to the mercy of a bureaucrat's caprice.") (Gorsuch, J., dissenting) (internal citation omitted). The majority opinion in *Biestek* may be interpreted as a step in the opposite direction. But the Supreme Court's leaving the door open to an ALJ's finding being supported by substantial evidence, even if based on the testimony of an expert who did not disclose his or her underlying data, is not the same as closing the door to the Seventh Circuit's rule that the ALJ herself must minimally explain how the record supports her conclusion, and not simply by making only passing mention of those parts of the record cutting against the decision.

[7] Ultimately, the *Brumbaugh* panel held that the claimant's argument on appeal "suffer[ed] from a failure of proof," and affirmed the ALJ's finding of no disability because the ALJ offered an adequate explanation for the claimant's ability to perform light work after the earlier determination that she could only do sedentary work, including continued improvement in the claimant's health, her decreasing and intermittent complaints of pain, and her reports that she was walking "forever" in her effort to lose weight. *Brumbaugh*, 850 F. App'x at 977.

13

Moreover, as an unpublished order, *Brumbaugh* is not technically Seventh Circuit precedent. Seventh Circuit R. 32.1. Indeed, in another unpublished order from just last week, the Seventh Circuit reiterated that reviewing courts give ALJ opinions "a commonsensical reading, focusing on whether the ALJ built a logical bridge from the evidence to his conclusion." *Wright v. Kijakazi*, -- Fed. App'x --, 2021 WL 3832347, at *5 (7th Cir. Aug. 27, 2021) (quotations omitted). In *Wright*, the panel affirmed the ALJ's finding of no disability after recounting the ALJ's extensive discussion of the totality of the claimant's reported symptoms of back pain, her treatment history, and other evidence in the record including the claimant's inconsistent statements about the impact of her back surgery, finding that the "the ALJ met his minimal burden to articulate his reasoning for crediting and discounting certain medical opinions." *Id.* at *4-6. In the instant case, by contrast, the ALJ failed to articulate her reasons for discounting evidence from multiple doctors and APNs documenting Plaintiff's continued pain and functional limitations such that no "commonsensical reading" of the opinion could demonstrate a logical bridge from the evidence to her conclusion of no disability.

Yet even if *Brumbaugh* is a signal of changing winds in the Seventh Circuit on how or even whether the "logical bridge" requirement is to be applied on review of ALJ determinations, until that change actually occurs, this Court is bound to follow the law as it exists today. *See Planned Parenthood of Ind. and Ky., Inc., v. Box*, 991 F.3d 740, 741 (7th Cir. 2021) ("constitutional standards for state regulations affecting a woman's right to choose to terminate a pregnancy are not stable, but they have not been changed, at least not yet, in a way that would change the outcome here"). Following that law, the Court could not find that the ALJ's decision here was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court properly applied the substantial evidence standard in this case. Thus, the Commissioner's motion to alter or amend judgment under Rule 59(e) (D.E. 43) is denied.

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED:  September 2, 2021**